Gerald LORIMER, Petitioner,

v.

GREAT LAKES DREDGE & DOCK COMPANY; Signal Mutual Indemnity Association; Director, Office of Workers Compensation Programs, United States Department of Labor, Respondents.

No. 01–70849.

OWCP No. 18–0069251.

BRB No. 00–0819/00–819A.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2002.

Decided June 3, 2002.

Before HUG and BERZON, Circuit Judges, and LASNIK,* District Judge.

---

* Honorable Robert S. Lasnik, United States     District Judge for the Western District of

MEMORANDUM [**]

Petition for Review of an Order of
the Benefits Review Board

An Administrative Law Judge ("ALJ") awarded Gerald Lorimer benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950. The Benefits Review Board ("BRB") reversed this award on appeal, holding that Lorimer was not entitled benefits under the LHWCA by virtue of his status as a seaman. *See* 33 U.S.C. § 902(3)(G) (excluding from LHWCA coverage any "master or member of a crew," a phrase synonymous with "seaman" under the Supreme Court's decision in *McDermott International, Inc. v. Wilander*, 498 U.S. 337, 355–56, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991)). Subsequently, Lorimer filed a petition for review of the BRB's decision. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we deny the petition. As the parties are familiar with the factual and procedural history of this case, we do not recount it here except as is necessary to explain our decision.

A seaman is any worker who faces "regular exposure to the perils of the sea." *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 560, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997). A worker faces regular exposure to the perils of the sea if (1) his duties contribute to the function of a vessel or to the accomplishment of its mission; (2) he has a connection to a vessel (or to an identifiable group of such vessels) that is substantial in duration; (3) he has a connection to a vessel (or to an identifiable group of such vessels) that is substantial in nature; and (4) the relevant vessel (or group of vessels) is in navigation. *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 368,

115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). Generally, though all relevant circumstances may be considered, whether the duration of a connection is substantial depends largely on the percentage of working time spent on vessels for the employer in question. *See Harbor Tug*, 520 U.S. at 556–57, 117 S.Ct. 1535; *Chandris*, 515 U.S. at 371–72, 115 S.Ct. 2172. Similarly, though other facts may come into play, whether the nature of a connection is substantial depends primarily on a single factor–specifically, whether the worker's duties "take him to sea." *Harbor Tug*, 520 U.S. at 555, 117 S.Ct. 1535. Under Ninth Circuit precedent, a worker's duties take him to sea if they are "inherently vessel related" or "primarily sea-based activities." *See Delange v. Dutra Constr. Co.*, 183 F.3d 916, 920 (9th Cir.1998); *Cabral v. Healy Tibbits Builders, Inc.*, 128 F.3d 1289, 1293 (9th Cir.1997).

Applying these principles to the facts of this case, we cannot say that the BRB erred in concluding that Lorimer was a seaman while employed on board Dredge No. 53. Lorimer's duties as a deckhand-which included tying up barges alongside the dredge, taking depth readings, greasing the dredge's clamshell bucket, painting, cleaning, and other general maintenance-certainly contributed to the accomplishment of the vessel's mission of dredging in Los Angeles and Long Beach Harbors. Additionally, Lorimer's connection to Dredge No. 53 was substantial in its duration, as during the relevant period of employment with Great Lakes, he spent 100% of his working time on board No. 53. Moreover, Lorimer's connection to the dredge was substantial in nature. That Lormier's duties were "primarily sea-based activi-

---

Washington, sitting by designation.

ties" is evident from the fact that he spent 100% of his working time on board the dredge while it was unmoored in the water. Finally, Dredge No. 53 was clearly a vessel in navigation, given that (1) it was used by Great Lakes in the performance of a construction contract, (2) the dredge moved under its own power while working, and (3) the dredge performed its work on waters that are regularly traversed by vessels engaged in commerce. *See McKinley v. All Alaskan Seafoods, Inc.*, 980 F.2d 567, 569 (9th Cir.1992) (stating that "a vessel is in navigation when 'engaged as an instrument of commerce and transportation on navigable waters' ").

Our conclusion that Lorimer was a seaman while employed on Dredge No. 53 is not in conflict with our decision in *Cabral.* Cabral was hired to work on a variety of construction projects. Although one of these projects required him to serve as a crane operator aboard a barge, his activities were not "primarily sea-based," because many of his duties were performed on land. Thus, he did not satisfy the connection requirement. *See Cabral,* 128 F.3d at 1293. In contrast, Lorimer, spent 100% of his working time for Great Lakes on board a vessel at sea. In straightforward terms, while Cabral's work was somewhat sea-based, Lorimer's activities were exclusively sea-based. As such, Lorimer's situation is quite different from Cabral's.

Because the BRB was correct in holding that Lorimer was a seaman, we cannot find fault with its decision to reverse the

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

---

ALJ's award of benefits. Therefore, Lorimer's petition for review is DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.